UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GIDEON CONTRACTING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HARCO NATIONAL INSURANCE COMPANY, <br><br> Defendant. | 4:25-cv- 4245 <br><br><br><br> **COMPLAINT** |

COMES NOW Plaintiff Gideon Contracting, LLC, and asserts this Complaint against Harco National Insurance Company, stating and alleging as follows:

## PARTIES

1. Plaintiff Gideon Contracting, LLC ("Gideon") is a limited liability company organized and existing under the laws of the State of Texas engaged in the business of construction contracting, with its principal place of business located at 2243 East Commerce Street, San Antonio, Texas 78203.

2. Under information and belief, Defendant Harco National Insurance Company ("Harco") is a corporation authorized to transact business in the State of South Dakota, organized and existing under the laws of the State of Illinois, engaged in the business of insurance and suretyship, with its principal office located in Rolling Meadows, Illinois, and headquarters at 4200 Six Forks Road, Suite 1400, Raleigh, North Carolina 27609.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between Plaintiff and Defendant in this action and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.

4.      This Court has personal jurisdiction over Harco because Harco is duly authorized to transact business in the State of South Dakota and is the surety for subcontractor Restoration Roofing, LLC ("Restoration") for the South Dakota project at issue in this action.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

6.      On September 15, 2022, the U.S. Army Corps of Engineers ("USACE") issued a Task Order to Gideon in connection with the project for the Powerhouse Roof Replacement, Oahe Dam, South Dakota ("Project").

7.      On September 19, 2022, a Master Subcontract was entered into between Gideon as the prime contractor and Restoration as the subcontractor regarding terms and conditions for work orders. The Master Subcontract is attached as **Exhibit A**.

8.      Article 17 of the Master Subcontract required Restoration to furnish surety bond(s) "to cover the faithful performance of the Work Order and the payment of all obligations arising thereunder and to guarantee workmanship and material entering into the construction of the Work." **Exhibit A at 11.**

9.    Thereafter, Subcontract Number 22-007 ("22-007") was entered into between Gideon as the contractor and Restoration as the subcontractor regarding the Project. 22-007 is attached as **Exhibit B**.

10.    According to 22-007, Restoration was to remove all roofing and install all new roofing and sheet metal work as specified by the Project.

11.    Number 6 of 22-007 required a surety bond.

12.    In 22-007, the contract sum was listed as $1,498,876.00.

13.    On February 6, 2023, Harco signed and sealed Bond Number 0831007 stating that Restoration and Harco, "as Surety, are held and firmly bound unto" Gideon in the penal sum of $1,498,876.00. Bond Number 0831007 is attached as **Exhibit C**.

14.    On November 6, 2024, the surety bond was extended and increased to $1,674,884.10 pursuant to Change Order No. 1.

15.    On January 16, 2025, Gideon terminated for default the Master Subcontract and Project specific Subcontract, 22-007, with Restoration and made demand upon Harco, as surety, to promptly arrange to complete the unfinished work of the Project and remedy the default as provided in the bond.

16.    The events listed as giving rise to default and termination included the roof leaking, demanding Restoration perform remedial work, and Restoration failing and refusing to correct defaults as required by the Master Subcontract despite multiple notices to cure.

17.    On February 24, 2025, a Memorandum of Understanding ("MOU") was entered into between Harco and Gideon regarding the subcontract balance at the time of the MOU, completion work to be done by a different roofing company, general provisions to work together,

payments, not exceeding the penal sum of the bond, and for the MOU to be governed and controlled by the laws of the State of Oklahoma.

18.    With Harco's knowledge and consent, Gideon hired a different roofing company to complete certain roof repairs to the Project.

19.    On August 4, 2025, following notification from USACE on July 30, 2025, that Restoration's work was unacceptable and being rejected, Gideon again demanded Harco, as surety, to promptly remedy the default and/or arrange for the work to be completed.

20.    Days after this second demand on Harco and for the first time in the duration of the entire project and throughout the course of the multiple demands made upon Harco, Harco responded to Gideon raising concerns about the Project's execution and required Gideon to produce documents.

21.    To date, the Project has not been completed and Harco has not paid Gideon the amount stated in the surety bond, which was the increased performance bond amount of $1,674,884.10.

## COUNT I
## BREACH OF PERFORMANCE AND PAYMENT BOND

22.    Gideon incorporates by reference and reasserts herein each and every preceding paragraph, as if fully and separately set forth herein.

23.    A binding Performance and Payment Bond was entered into by Harco to be surety for Restoration to Gideon regarding the Project.

24.    Harco breached the bond by failing to remedy Restoration's default and failing to pay Gideon the penal sum stated in the surety bond.

25.    Upon information and belief, completed performance and final settlement have not been completed due to the claims and issues that are the subject matter of this action.

4

26. There appears to be no reasonable likelihood of completed performance and final settlement occurring without bringing this action.

27. Gideon has satisfied all conditions precedent to recover payment of the amount stated in the increased bond claim.

28. To date, Harco has failed to pay Gideon the amount stated in the increased bond claim, that being $1,674,884.10.

29. Gideon is entitled to recover from Harco an amount presently estimated to total $1,674,884.10, the exact amount to be determined at trial, plus expenses and attorneys' fees.

## COUNT II
## TORTIOUS BAD FAITH

30. Gideon incorporates by reference and reasserts herein each and every preceding paragraph, as if fully and separately set forth herein.

31. A binding Performance and Payment Bond was entered into by Harco to be surety for Restoration to Gideon regarding the Project creating a special relationship between Harco, as surety, and Gideon, as obligee, where Gideon relied on Harco to guarantee performance and/or payment in the event of default and Harco owed Gideon a duty of good faith and fair dealing.

32. Harco purposely refused to promptly guarantee performance and/or pay Gideon thereby benefiting Harco over Gideon and breached its duty of good faith and fair dealing owed to Gideon in failing to properly handle Gideon's legitimate claim under the Performance and Payment Bond.

33. Harco knew its response to Gideon raising concerns about the Project's execution and requiring Gideon to produce documents would prolong performance guarantee and/or payment to the detriment of Gideon and adequate completion of the Project.

5

34.     Harco failed to independently and reasonably investigate Gideon's valid claim and failed to comply with its duties under the bond to guarantee performance and/or pay Gideon.

35.     Harco caused Gideon financial loss, prolonged timing on the project, and diminished reputation in the construction project community.

36.     To date, Harco has failed to pay Gideon the amount stated in the increased bond claim, that being $1,674,884.10, and failed to guarantee performance.

37.     Gideon is entitled to recover from Harco punitive, compensatory, and/or consequential damages, the exact amount to be determined at trial, plus expenses and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gideon Contracting, LLC respectfully requests that this Court enter a judgment against Defendant Harco National Insurance Company, by respectfully requesting that the Court:

1.     Enter judgment in favor of the Plaintiff on each and every cause of action;

2.     Award Plaintiff the requested equitable relief and damages in excess of the jurisdictional amount set forth in U.S.C. § 1332(a), presently estimated to total $1,674,884.10, the exact amount to be determined at trial;

3.     Award Plaintiff punitive, compensatory, and/or consequential damages, the exact amount to be determined at trial;

4.     Award Plaintiff interest as allowed by law;

5.     Award Plaintiff all available expenses, costs, disbursements, interest, and attorneys' fees; and

6.     Award Plaintiff any and all other relief as the Court deems just and equitable.

6

## JURY DEMAND

Plaintiff Gideon Contracting, LLC demands a trial by jury on all issues that are so triable. Dated this 16th day of December 2025.

Michael F. Tobin
BOYCE LAW FIRM, L.L.P.
300 S. Main Avenue
P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
mftobin@boycelaw.com
Attorneys for Plaintiff

JS 44  (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❐ 1   U.S. Government
Plaintiff

❐ 3   Federal Question
*(U.S. Government Not a Party)*

❐ 2   U.S. Government
Defendant

❐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 365 Personal Injury - Product Liability | ❐ 690 Other | ❐ 423 Withdrawal 28 USC 157 | ❐ 376 Qui Tam (31 USC 3729(a) |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | | | | ❐ 400 State Reapportionment |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | ❐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | ❐ 820 Copyrights | ❐ 430 Banks and Banking |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers' Liability | | | ❐ 830 Patent | ❐ 450 Commerce |
| ❐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❐ 340 Marine | ❐ 368 Asbestos Personal Injury Product Liability | | ❐ 840 Trademark | ❐ 460 Deportation |
| | ❐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 371 Truth in Lending | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 490 Cable/Sat TV |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury | ❐ 380 Other Personal Property Damage | ❐ 720 Labor/Management Relations | ❐ 862 Black Lung (923) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 195 Contract Product Liability | | | ❐ 740 Railway Labor Act | ❐ 863 DIWC/DIWW (405(g)) | |
| ❐ 196 Franchise | ❐ 362 Personal Injury - Medical Malpractice | ❐ 385 Property Damage Product Liability | ❐ 751 Family and Medical Leave Act | ❐ 864 SSID Title XVI | ❐ 890 Other Statutory Actions |
| | | | ❐ 790 Other Labor Litigation | ❐ 865 RSI (405(g)) | ❐ 891 Agricultural Acts |
| | | | ❐ 791 Employee Retirement | | ❐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ❐ 895 Freedom of Information Act |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights | **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❐ 220 Foreclosure | ❐ 441 Voting | ❐ 463 Alien Detainee | | | ❐ 896 Arbitration |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment | ❐ 510 Motions to Vacate Sentence | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❐ 240 Torts to Land | ❐ 443 Housing/ Accommodations | ❐ 530 General | | | |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 535 Death Penalty | **IMMIGRATION** | | ❐ 950 Constitutionality of State Statutes |
| ❐ 290 All Other Real Property | | **Other:** | ❐ 462 Naturalization Application | | |
| | ❐ 446 Amer. w/Disabilities - Other | ❐ 540 Mandamus & Other | ❐ 465 Other Immigration Actions | | |
| | ❐ 448 Education | ❐ 550 Civil Rights | | | |
| | | ❐ 555 Prison Condition | | | |
| | | ❐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❐ 1  Original
Proceeding

❐ 2  Removed from
State Court

❐ 3  Remanded from
Appellate Court

❐ 4  Reinstated or
Reopened

❐ 5  Transferred from
Another District
*(specify)*

❐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ❐ Yes    ❐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.